McRAE, Justice,
dissenting:
I agree with the majority that determination of paternity is in a child’s best interest. Competent and responsible representation by the Department of Human Services is also in a child’s best interest. The majority’s acquiescence to DHS’s failure to timely file a motion for blood tests in this ease endorses practices which are contrary to the goal of securing support for these children. Accordingly, I dissent.
I further disagree with the majority’s refusal to even-handedly apply the rules of discovery. Equal protection applies to all litigants, both public and private, and should not be applied indiscriminately.
DHS filed its complaint against Reginald Deon Smith on September 4,1991. It is safe to assume that DHS was aware at that time that a blood test would be helpful in establishing paternity. After Smith requested a continuance in October, the trial was rescheduled for January 29, 1992. Despite nearly a five-month lead time, DHS presented its motion for blood tests on the day of the trial.
Waiting until the day of trial to present a motion for blood tests exhibits either disregard for the rules or incompetence. I am not moved by the agency’s excuse that its attorney had “abruptly quit.” Nearly five months had elapsed since the case against Smith was filed. The chancellor properly denied the motions as untimely.
The majority’s opinion affords special privileges to DHS not available to other parties or litigants. Our rules of procedure, except where specified by statute, apply to DHS and other agencies as to any other litigants. We should not establish policies to the contrary. Recently, we have considered three cases where DHS has waited until trial to present motions to order blood tests. When will it end?
Affirming the chancellor’s decision will only prevent DHS from collecting child support from the putative father. It does not preclude the child, herself, from bringing suit to establish paternity at a later date.
The majority bases its conclusion not on our rules of procedure but on its desire to protect the interests of this particular child. However, the interest of all similarly situated children in our state would be better served by requiring DHS to adhere to the rules applicable to all other litigants. Only then will the litigation necessary to establish paternity and secure support payments for *355 these children he handled in a timely and professional manner. Accordingly, I dissent.
BANKS, J., joins this opinion.